UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY H. JOEL                                                                      APPELLANT

v.                                                                  CIVIL ACTION NO. 3:07-CV-446-S

UNITED STATES OF AMERICA                                       APPELLEE

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon appeal from the Bankruptcy Court. The Appellant Larry H. Joel ("Joel") argues that the Bankruptcy Court erred in denying him a discharge and dismissing his bankruptcy case. For the following reasons, this Court will affirm the decision of the Bankruptcy Court.

Joel filed for Chapter 7 bankruptcy relief on November 8, 2001. On February 7, 2002, the Bankruptcy Court entered an order granting Joel a discharge. The United States Trustee commenced an adversary proceeding on January 29, 2003, in Joel's bankruptcy case seeking to revoke Joel's discharge alleging that Joel failed to list assets on his bankruptcy schedules and that he failed to surrender assets to the Chapter 7 Trustee. On May 9, 2003, the United States by and through the Internal Revenue Service ("IRS") filed a proof of claim in Joel's bankruptcy case totaling $10,808,040.24 relating to taxes purportedly owed for tax years 1991 through 1994, 1998, and 1999. On January 5, 2005, the United States filed a criminal action against Joel. Joel then filed an objection to the IRS's proof of claim on September 12, 2005.

The adversary proceeding and Joel's objection to the IRS's proof of claim were held in abeyance pending resolution of the criminal action filed against Joel. On February 2, 2007, Joel entered a guilty plea in the criminal action. In light of the guilty plea, the Bankruptcy Court set a hearing in the main bankruptcy case for Joel to show cause why his bankruptcy case should not be dismissed and his discharge revoked. After that hearing, on June 20, 2007, the Bankruptcy Court entered an order revoking

Joel's discharge and dismissing his bankruptcy case with prejudice. Joel then appealed the Bankruptcy Court's June 20, 2007 order, challenging the Bankruptcy Court's decision to revoke his discharge and dismiss his bankruptcy case.

The Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo. *Westbanco Bank Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs. Inc.*), 106 F.3d 1255, 1259 (6th Cir. 1997). A dismissal of a bankruptcy case is reviewed for an abuse of discretion. *In re DSC, LTD,* 486 F.3d 940, 944 (6th Cir. 2007).

The Bankruptcy Court revoked Joel's discharge under 11 U.S.C. § 727, in part because Joel committed "perjury in the Bankruptcy Court" by failing to honestly and accurately list all of his assets on his schedules. Section 727 states, in relevant part:

> (a)  The court shall grant the debtor a discharge, unless --
>
>> (2)  the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed--
>>
>>> (A)  property of the debtor, within one year before the date of the filing of the petition; or
>>
>> (4)  the debtor knowingly and fraudulently, in or in connection with the case--
>>
>>> (A)  made a false oath or account;

In connection with his bankruptcy case, Joel stated that he settled two trusts for the benefit of his children and denied ownership of the assets in the trust. However, in the guilty plea entered in the criminal action against him, Joel admitted that he actually owned and controlled a number of the assets in the trusts and that he "hid his ownership and control over [the] assets through the use of [the] sham trusts." Joel failed to list these assets on his bankruptcy schedules. Courts may deduce fraudulent intent from all the facts and circumstances of a case. *In re Keeny*, 227 F.3d 679, 686 (6th Cir. 2000) (citing

- 3 -

*Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir. 1987)). The Bankruptcy Court did not err in inferring that Joel acted fraudulently based on his denial of ownership of the assets in the "sham trusts" and failure to disclose those assets on his bankruptcy schedules. Such fraudulent conduct justifies a denial of his discharge under 11 U.S.C. § 727. *See In re Keeny*, 227 F.3d at 686 (finding that fraudulent failure to list property in schedules sufficient to deny discharge under § 727). Accordingly, the Bankruptcy Court, did not err in concluding that Joel should be denied a discharge.

The Bankruptcy Court also dismissed Joel's bankruptcy case without affording Joel the opportunity to contest the proof of claim filed by the IRS. The Bankruptcy Court first noted that Joel, in his guilty plea, admitted to the legitimacy of a portion of the amount contained in the IRS's proof of claim. Additionally, the Bankruptcy Court noted that Joel offered no reason why he could not dispute the IRS's claim outside of the bankruptcy proceeding. Indeed, Joel is currently contesting a portion of the IRS's claim in a proceeding before this Court. Inasmuch as Joel clearly has the ability to contest the IRS's claim outside of his bankruptcy case, this Court does not find that the Bankruptcy Court erred in dismissing his bankruptcy case without first affording him the opportunity to contest such claim.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the decision of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED** this